UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60759-CIV-COHN/SELTZER

THOMAS J. NASH,

    Plaintiff,

v.

O.R. COLAN GROUP, LLC, d/b/a
O.R. COLAN ASSOCIATES,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 18] ("Motion"). The Court has reviewed the Motion, Defendant's Response [DE 30] ("Response"), Plaintiff's Reply [DE 36], the record in the case, and is otherwise advised in the premises.

In the Motion, Plaintiff Thomas Nash ("Plaintiff") seeks to strike the affirmative defenses pleaded by Defendant O.R. Colan Group, LLC, d/b/a O.R. Colan Associates ("Defendants") on the grounds that the affirmative defenses are conclusory and do not satisfy the pleading standard set forth in <u>Ashcroft v. Iqbal</u> and <u>Bell Atlantic Corp. v. Twombly</u>.  Motion at 1.  Defendant urges the Court to deny the Motion because its affirmative defenses "provide the requisite 'fair notice' contemplated by Rule 8." Response at 1.

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ.

P. 12(f).  However, "'[a] motion to strike is a drastic remedy,' which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)).  Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  Id.; see also Falzarano v. Retail Brand Alliance, Inc., No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008); In re Se. Banking Corp. Sec. & Loss Reserves Litig., 147 F. Supp. 2d. 1348, 1355 (S.D. Fla. 2001).

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters. Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). An affirmative defense will only be stricken if it is insufficient as a matter of law.  See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law."  Id. (citations omitted).

Affirmative defenses are also subject to the general pleading requirements of Federal Rule of Civil Procedure 8.  Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1)(A).  Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  An affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations.  Microsoft Corp. v. Jesse's Computers &

Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002); Meridian of Palm Beach Condo. Ass'n, Inc. v. QBE Ins., No. 06-81108-CIV, 2007 WL 1364334 (S.D. Fla. May 7, 2007). A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense. In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988).

Plaintiff first seeks to strike all ten of Defendant's affirmative defenses on the grounds that Defendant has failed to plead them with sufficient particularity. Motion at 5. Defendant's first affirmative defense asserts that "[s]ome or all of Plaintiff's claims are barred by his failure to state a cause of action and/or his failure to exhaust administrative remedies." Answer and Affirmative Defenses [DE 10] at 10. Defendant contends that this affirmative defense provides fair notice of the defense. The Court finds that this affirmative defense is deficient, however, "because it merely points out a defect in [Plaintiff's] case." Oriole Gardens Condo. Ass'n I v. Aspen Specialty Ins. Co., No. 11-62281-CV, 2012 WL 864629, at *1 (S.D. Fla. Mar. 13, 2012). Similarly, the Motion will be granted as to the fifth, sixth, seventh, and ninth affirmative defenses because these affirmative defenses are conclusory and fail to contain facts which tie them to this particular action. The Court will allow Defendant to re-plead these affirmative defenses.

Plaintiff also seeks to strike Defendant's Second Affirmative Defense because (1) it is not an affirmative defense and (2) it contains a misrepresentation of law. Defendant's Second Affirmative Defense provides that: "Plaintiff was an at-will employee, and, thus, his employment status could be altered at any time with or without cause." Answer and Affirmative Defenses at 10. In response, Defendant concedes

that the affirmative defense is actually a denial, but argues that the affirmative defense should be treated as a denial rather than stricken.  Response at 4.  In accordance with this Court's holding in FDIC v. Bristol Home Mortg. Lending, LLC, No. 08-81536-CIV, 2009 WL 2488302, at *3 (S. D. Fla. Aug. 13, 2009), the Court declines to strike Defendant's Second Affirmative Defense and will instead treat it as a denial.

Plaintiff next seeks to strike Defendant's Third Affirmative Defense on the grounds that it is barred by Gross v. FBL Financial Services, Inc., 557 U.S. 167 (2009). Defendant contends that Plaintiff has misconstrued this affirmative defense as a mixed motive/same decision defense.  Response at 4.  As explained by the Eleventh Circuit, in Gross, the Supreme Court "clarified the nature of ADEA claims. The Supreme Court concluded that ADEA claims are not subject to the burden-shifting protocol set forth for Title VII suits in Price Waterhouse. . . . [T]he Supreme Court ruled out the idea of a 'mixed motive' ADEA claim, instead requiring plaintiffs to show that age was the 'but for' cause of an employment action. . . . Because an ADEA plaintiff must establish 'but for' causality, no 'same decision' affirmative defense can exist: the employer either acted 'because of' the plaintiff's age or it did not." Mora v. Jackson Mem'l Found., Inc., 597 F.3d 1201, 1203 -04 (11th Cir. 2010).  Here, the Third Affirmative Defense states that "[a]ny adverse action taken against the Plaintiff by Defendant was based on legitimate, non-discriminatory reasons unrelated to Plaintiff's age."  Answer and Affirmative Defenses at 10.  The Court disagrees with Plaintiff that this affirmative defense would be barred by Gross.  However, because the affirmative defense is bare bones and lacks specification, the Court will strike it and provide Defendant an opportunity to re-plead.

4

Plaintiff also contends that the Fourth Affirmative Defense is barred by <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 608 (1998).  Defendant disputes that this defense should be stricken because it remains to be determined whether Defendant "could prove a set of facts upon which these defenses would be successful."  Response at 5.  The Court agrees that it is premature for the Court to assess whether this affirmative defense applies to the specific facts of this case.  The Court also finds that this affirmative defense is specific enough to give Plaintiff "fair notice."  Accordingly, the Court declines to strike the Fourth Affirmative Defense.

Plaintiff argues that the Eighth and Tenth Affirmative Defenses should be stricken because "plaintiff would be able to avoid them on the grounds that the actions against him were taken by the company's highest management."  Motion at 7.  Defendant responds that it would be premature, at this stage of the proceedings,  to determine that these defenses cannot succeed.  The Court agrees and declines to strike the Eighth and Tenth Affirmative Defenses.

Finally, Plaintiff argues that it was improper for Defendant to reserve the right to amend affirmative defenses.  Motion at 7.  In its Response, Defendant agrees to withdraw this affirmative defense.  Response at 6.  Thus, the Court need not resolve this issue.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 18] is **GRANTED IN PART AND DENIED IN PART**.

2. Affirmative Defenses 1, 3, 5, 6, 7, and 9 are hereby **STRICKEN**; and

3.  Defendant may amend its Affirmative Defenses on or before September 27, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of September, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.