UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60759-CIV-COHN/SELTZER

THOMAS J. NASH,

     Plaintiff,

vs.

O.R. COLAN GROUP, LLC, d/b/a
O.R. COLAN ASSOCIATES,

      Defendant.
_____/

## <u>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

**THIS CAUSE** is before the Court upon Defendant O.R. Colan Associates' Motion for Final Summary Judgment [DE 49] ("Motion"). The Court has carefully considered the Motion, Plaintiff's Response [DE 54] ("Response"), Defendant's Reply [DE 60] ("Reply"), all of the parties' submissions, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff Thomas J. Nash ("Plaintiff") filed this action against O.R. Colan Group, LLC d/b/a O.R. Colan Associates ("Defendant") on April 27, 2012. Complaint [DE 1]. Defendant provides complete program management services for the land acquisition and relocation phase of public agency projects. Defendant's Statement of Material Facts for Which No Genuine Issue Remains to be Tried [DE 47] ("Defendant's Facts") ¶ 1; Plaintiff's Response to Defendant's Statement of Material Facts for Which Not [sic] Genuine Issue Remains to Be Tried [DE 55] ("Plaintiff's Facts") ¶ 1. Plaintiff was hired to serve as Defendant's Chief Financial Officer ("CFO") working out of the Fort Lauderdale office in 2001. Defendant's Facts ¶ 4; Plaintiff's Facts ¶ 4. In April 2004,

Defendant, with Plaintiff's assistance and approval, hired Carmen Johnson as Financial Manager.  Defendant's Facts ¶ 6; Plaintiff's Facts ¶ 6.  In 2007, Defendant decided to close its Fort Lauderdale office and move all its operations to Charlotte, North Carolina. Defendant's Facts ¶ 8; Plaintiff's Facts ¶ 8.  Although he was offered a relocation package to move to North Carolina, Plaintiff elected to remain in South Florida where he performed his job duties remotely.  Defendant's Facts ¶¶ 9, 11; 12; Plaintiff's Facts ¶¶ 9, 11.

By contrast, Ms. Johnson relocated to North Carolina.  Defendant's Facts ¶ 10; Plaintiff's Facts ¶ 10.  At Plaintiff's suggestion, Ms Johnson was promoted to Controller. Defendant's Facts ¶ 13; Plaintiff's Facts ¶ 13.  She also began to take on additional duties and responsibilities that Plaintiff himself delegated to her.  Defendant's Facts ¶ 14; Plaintiff's Facts ¶ 14.  On at least three occasions, Plaintiff stated that Defendant did not need both a Controller and CFO.  Defendant's Facts ¶ 19; Plaintiff's Facts ¶ 19. Based on falling revenues and lost projects, Defendant's CEO and co-owner Catherine Muth made the decision to eliminate Plaintiff's position.  Defendant's Facts ¶¶23-25.  In the Complaint, Plaintiff alleges that he was fired from his job as Defendant's CFO and replaced with a substantially younger employee, Ms. Johnson.  Compl. ¶ 1.  However, no one has filled the CFO position since Plaintiff was let go.  Defendant's Facts ¶ 27.

Plaintiff brings claims against Defendant for violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"), and the age provision of the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.11 ("FCRA").  Compl. ¶¶ 14-20.  Defendant has now moved for summary judgment.  Plaintiff opposes the Motion.

## II.  DISCUSSION

### A. Legal Standard.

#### 1. Summary Judgment Motions.

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

As long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911

3

F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

2. Age Discrimination in Employment Act Claims.[1]

"The ADEA makes it 'unlawful for an employer . . . to discriminate against any individual . . . because of such individual's age.'" Ostrow v. Globecast Am. Inc., No. 11-16043, 2012 WL 4070117, at *1 (11th Cir. Sept. 17, 2012) (quoting Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000)).  A plaintiff may prove a claim of employment discrimination under the ADEA through either direct or circumstantial evidence.  Kragor v. Takeda Pharm. Am., Inc., – F.3d –, No. 11-16052, 2012 WL 6618360, at *2 (11th Cir. Dec. 20, 2012) (citations omitted).  When an ADEA claim is based on circumstantial evidence, the court analyzes the claim under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Id.  Under McDonnell Douglas Corp., a plaintiff must first establish a prima face case of discrimination.  Id.  To establish a prima facie of age discrimination, a plaintiff must show "(1) that she was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject to adverse employment action; (3) that a substantially younger

---

[1]	The same standard applies for age discrimination cases brought under the FCRA.  See Sunbeam Television Corp. v. Mitzel, 83 So. 3d 865, 868 (Fla. Dist. Ct. App. 2012) ("Florida courts apply federal case law interpreting Title VII and the ADEA to cases arising under the FCRA.").

person filled the position that she sought or from which she was discharged; and (4) that she was qualified to do the job for which she was rejected." Id. (quoting Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1359 (11th Cir. 1999)).

After a plaintiff establishes a prima facie case of age discrimination, the burden shifts to the defendant employer to rebut the presumption of discrimination with evidence of a legitimate, non-discriminatory reason for the adverse employment action. Id. (citing McDonnell Douglas Corp., 411 U.S. at 802-03).  The defendant's evidence need only "raise[ ] a genuine issue of fact as to whether it discriminated against the plaintiff." Id. (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997)).  If the defendant employer meets this burden, the burden shifts back to the plaintiff to "show that the employer's stated reasons is a pretext for discrimination." Id. (citations omitted).  A plaintiff can establish pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981)).  The Supreme Court has recently clarified that to prevail on an ADEA claim, a plaintiff must prove that age was the "but for" cause of the adverse employment action.  Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177-78 (2009).

## B. Plaintiff has Failed to Establish a Prima Facie Case of Age Discrimination.

Defendant first argues that Plaintiff cannot establish a prima facie case of age discrimination because he cannot show that a younger person filled his CFO position. Motion at 9.  Defendant argues that no one replaced Plaintiff because his position was

eliminated for economic and business reasons.  Id.  Defendant also argues that, prior to

his termination, Plaintiff had delegated 95% of his job responsibilities to Defendant's

controller, Carmen Johnson.  Id.  Defendant contends that the only two job

responsibilities Plaintiff was actually performing at the time of his termination were

assumed by Catherine Muth, the CEO, not Ms. Johnson.  Id. at 10.  In opposition,

Plaintiff argues he has met the burden of establishing a prima facie case.  Response at

13.  Specifically, he contends that he was qualified for the role of either CFO or

Controller, but that he was rejected for either position as a result of his age.  Id. at 14.

    To establish that he was replaced by a younger individual, Plaintiff need not

establish that Ms. Johnson actually succeeded to the title of CFO.  The Eleventh Circuit

has held that "a plaintiff may demonstrate that he was replaced when another employee

assumes the plaintiff's responsibilities in addition to their own responsibilities after the

plaintiff is terminated."  Vahey v. Philips Elecs. N. Am. Corp., 461 Fed. Appx. 873, 875

n.3 (11th Cir. 2012) (citing Rollins v. TechSouth, Inc., 833 F.2d 1525, 1529 (11th

Cir.1987)).  Summary judgment, however, is appropriate for the defendant where the

plaintiff fails to rebut the defendant's "evidence showing that his position had not been

replaced."  See Hudson v. Shaw Envt. & Infrastructure, Inc., 267 Fed. Appx. 892, 893

(11th Cir. 2008).  For the reasons discussed below, summary judgment is appropriate

for Defendant because the undisputed record before the Court does not support that

Plaintiff was replaced by a younger employee.

    Catherine Muth, Defendant's CEO and owner, testified that Ms. Johnson

continues to perform the same tasks she performed before Plaintiff was let go.

Deposition of Catherine Muth [DE 45-1] ("Muth Dep.") at 19:19-22 ("Q. What part, if any,

does Ms. Johnson play? A. The same role that she always played even when Tom was

there. She does the hands-on financial calculations just as she did when Tom was with

us.").  Ms. Johnson did not receive a raise after Plaintiff was terminated.  Id. at 15:5-7.

Prior to his termination, Plaintiff delegated an increasing amount of responsibility to Ms.

Johnson.  Deposition of Thomas Nash [DE 50] ("Nash Dep.") at 44:17-45:9.  The only

tasks that Ms. Johnson did not have familiarity with which Plaintiff still regularly

performed at the time of his termination, dealing with banks regarding lines of credit and

managing the company's deferred compensation plan, were assumed by Ms. Muth

herself.  Declaration of Catherine Muth [DE 49-1] ("Muth Decl.") ¶ 34; Notes from Fort

Lauderdale Meeting between Cathy Muth and Tom Nash, November 4, 2010, Exhibit 8

to Plaintiff's Facts [DE 55-8] at 3 ¶ 11 ("Cathy then asked Tom to be sure we have a

plan to train Carmen in the remaining items she will need to learn how to do. The

remaining items Carmen needs Tom to address with her are about dealing and

negotiating with the bank and the deferred comp Plan.").  Indeed, Plaintiff himself

verified at his deposition that Ms. Johnson only needed training in those two remaining

areas before she was fully qualified to perform all his job responsibilities.  Nash Dep. at

146:4-14.  Given that Ms. Muth, not Ms. Johnson, actually assumed these

responsibilities, the record before the Court does not support that Plaintiff was replaced

by a younger individual.  Accordingly, summary judgment is appropriate for Defendant

because Plaintiff has failed to establish a prima facie case of age discrimination.

**C. Even if Plaintiff Could Establish a Prima Facie Case of Age Discrimination, Summary Judgment is Still Appropriate for Defendant Because Defendant has Proffered a Legitimate, Non-Discriminatory Reason for Plaintiff's Termination Which Plaintiff Has Failed to Establish Was a Mere Pretext**.

Defendant next argues that even if Plaintiff has established a prima facie case of age discrimination, summary judgment would still be appropriate for Defendant because Defendant has presented a legitimate, non-discriminatory reason for eliminating Plaintiff's position which Plaintiff cannot establish is a pretext.  Motion at 10-11. Defendant contends that it let Plaintiff go because the company was losing projects and revenue and Ms. Johnson, not Plaintiff, was performing the majority of the financial oversight functions.  Id. at 11.  In opposition, Plaintiff argues that Defendant has failed to present a legitimate, non-discriminatory reason for his termination.  Response at 14-16. In support of this argument, Plaintiff contends that Defendant's financial position was not as dire as it claims and there was no legitimate, non-discriminatory reason for getting rid of the 63 year old Plaintiff while retaining the 40 year old Controller, Ms. Johnson.  Id. at 15.  The Court concludes that summary judgment is appropriate for Defendant.

The record establishes that Defendant let Plaintiff go because the economy was bad, business was down, the company was smaller, and in its new circumstances, Defendant no longer required a CFO.  Between 2008 and 2010, Defendant's business decreased 30%.  Muth Decl. ¶ 27.  Fifty-four employees were let go as a result of this economic downturn.  Id. at 16.  As discussed in Catherine Muth's deposition, the decision to eliminate Defendant's position was made for both financial and practical reasons:

Q. Why did you choose to eliminate Mr. Nash's job as opposed to him taking over

the duties of Carmen Johnson?

A. Tom was a higher level employee. His duties were more for our company when it was larger, when we were considering mergers and acquisitions and higher level things. Carmen Johnson was doing, by Tom's own admission, 95 percent of the day-to-day work. And when our company shrunk by 30 percent, we were no longer in need of the higher level of expertise that Tom was able to provide. We needed the more practical level that Carmen had been providing and continued -- was able to continue to provide.

Muth Dep. at 14:16-15.  Indeed, Plaintiff himself stated on at least three occasions that the company could no longer afford both a CFO and Controller because of its declining revenues.  Nash Dep. at 98:25-101:16.  He also conceded that at the time he was let go, the company needed to reduce expenses.  Id. at 57:11-21.  The Court thus finds that Defendant has established a legitimate, non-discriminatory reason for Plaintiff's termination.

In an attempt to demonstrate that Defendant's reason for firing him is a pretext, Plaintiff trumpets Defendant's decision to retain Ms. Johnson and let him go as evidence of Defendant's discriminatory animus.  See Response at 15.  To establish pretext, "[t]he plaintiff cannot 'recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer,' but instead must 'meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.'"  Ostrow, 2012 WL 4070117, at *2 (quoting Chapman, 229 F.3d at 1030).  The Court also may not "second-guess the employer's business judgment."  Id. Here, that is precisely what Plaintiff invites the Court to do.  The mere fact that the Defendant retained a younger employee rather than him does not establish that Plaintiff's age was the "but for" cause of the decision to end his employment.  See Chavez v. URS Fed. Technical Servs., Inc., No. 12-11037, 2013 WL 49722, at *4 (11th

Cir. Jan. 3, 2013) (in the sex discrimination context, the mere fact that defendant retains a terminated, female plaintiff's male co-worker "does not transform a business decision, which we will not second-guess into discrimination").  Plaintiff has admitted that he began to delegate more and more responsibility to Ms. Johnson and that he was the one who suggested that she be promoted to Controller.  Nash Dep. at 42:8-16.  Additionally, all the financial staff were located in North Carolina with Ms. Johnson, Nash Dep. at 93:8-11, and Defendant was estimated to save $221,000 by eliminating Plaintiff's position, but only $137,000 by eliminating Ms. Johnson's.  Muth Dep. at 40:15-24.  Thus, the Court cannot second guess Defendant's decision that it "needed a practical, hands-on person rather than a higher level theoretical person like a CFO to oversee the finances."  Defendant's Facts ¶ 23.[2]

Plaintiff also doubts that the financial position of the company actually necessitated that he be let go.  See Response at 16-17.  Plaintiff takes exception to the amount of salary that Ms. Muth paid to herself and her two children.  Id. at 15.  He also argues that Ms. Muth falsely testified that the company suffered a loss in 2010 to justify her decision to let Plaintiff go.  Id.  Neither of these conclusory arguments establishes that the reason Plaintiff was let go was a mere pretext.  See Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996) (rebuttal requires "significant probative

---

[2]      Plaintiff's rambling Response, filled with hypothetical questions rather than citations to record evidence, appears to assert that a jury could find Defendant's reason for firing Plaintiff is a pretext because Catherine Muth testified that the salary difference did not impact her decision.  See Response at 16.  The Court disagrees.  Although Ms. Muth did testify that she was not motivated by the differences in salaries, Muth Dep. at 46:15-17, she also was quite clear that she believed that the company only required the hands on financial work that Ms. Johnson had been performing moving forward.  Id. at 46:23-47:14.

evidence" of pretext).  Plaintiff admits that Ms. Muth's daughter and son were part

owners of the company.  Nash Dep at 29:22-30:1.  How a private company's owners

choose to pay themselves is not for this Court to second-guess, and more importantly,

irrelevant to Plaintiff's claim.  See Chavez, 2013 WL 49722, at *2 (the defendant "can

run its business however it wants as long as it does not discriminate.").  It is also

undisputed that Defendant suffered a loss in 2011, the very year after Plaintiff was let

go.[3]  Excerpts of the Deposition of Steven Toth, Exhibit 2 to Plaintiff's Facts [DE 55-2]

("Toth Dep.") at 7:20-25; Excerpts of the Deposition of Carmen Johnson, Exhibit 4 to

Plaintiff's Facts [DE 55-4] ("Johnson Dep.") at 9:17-19.  As Defendant points out in its

Reply, "[i]t is not this Court's role to second-guess ORC's decision to respond to an

undisputed economic downturn by cutting its workforce, instead of taking other

measures such as cutting bonuses and raises as suggested by Plaintiff."  Reply at 6

(citing Beaver v. Rayonier, Inc., 200 F.3d 723, 728 (11th Cir. 1999)).  Thus, the Court will

not second-guess Defendant's judgment that it could no longer afford Plaintiff's position.

And even if the Court did agree with Plaintiff that Defendant could have taken other

measures to cut costs, that still would not establish that the true reason Defendant

---

[3]      Ms. Muth testified that the company had a loss in 2010 and a profit in
2011.  Muth Dep. at 56:1-10.  Both Steven Toth and Carmen Johnson testified that it
was the other way around.  Toth Dep. at 7:20-25; Johnson Dep. at 9:17-19.  Ms. Muth
also testified that she has "no concept of time."  Muth Dep. at 15:22-23.  Thus, the
Court does not credit Plaintiff's argument that Ms. Muth has misstated the year of the
loss "to justify her decision to get rid of" Plaintiff, as Plaintiff contends.  See Response
at 15.  In any event, the fact that the company suffered a loss in 2011, is fully consistent
with the evidence before the Court that Ms. Muth made the decision to eliminate
Plaintiff's position after she learned that they had lost several large projects that were
part of the 2011 budget and could no longer afford a CFO moving forward.  Muth Decl.
¶¶ 27, 33; Reply at 7 n.2.

terminated Plaintiff was his age.

The facts of this case are analogous to Ostrow v. Globecast America Incorporated, where the Eleventh Circuit affirmed the district court's grant of summary judgment for the defendant.  2012 WL 4070117, at *4.  In Ostrow, the plaintiff's contract was not renewed because the defendant was restructuring its legal department to reduce costs.  Id. at *3.  The plaintiff argued that the financial reasons behind his firing did not make sense because the company had been losing money for years, yet had renewed his contract twice before.  Id.  The plaintiff also argued that the restructuring actually cost rather than saved the defendant money.  Id.  The Eleventh Circuit rejected both arguments, finding that the plaintiff had "merely quarrel[led] with the wisdom of [the] restructuring decision."  Id.  Similarly, in this case, the record is undisputed that both Defendant's CEO, Catherine Muth, and even the Plaintiff himself, believed that elimination of the CFO position would save Defendant money.  See Nash Dep. at 98:25-101:16; Muth Decl. ¶¶ 27, 29.  Accordingly, because Plaintiff has failed to present any evidence that his age rather than the company's financial position motivated Defendant's decision to eliminate Plaintiff's position, the Court will grant summary judgment for the Defendant.

## III.  CONCLUSION

Because the Court concludes that Plaintiff has failed to establish that his age was the "but for" cause of Defendant's decision to terminate his employment, summary judgment is appropriate for Defendant.  Accordingly, it is **ORDERED AND ADJUDGED** that Defendant O.R. Colan Associates' Motion for Final Summary Judgment [DE 49] is

**GRANTED**.  The Court will enter a separate final judgment.

       **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 15th day of January, 2013.

                                    JAMES I. COHN
                                    United States District Judge

Copies provided to counsel of record via CM/ECF